811 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne CLARK, Plaintiff-Appellant,
v.
Alma CLARK, Louise Johnson, Betty Couble, Linda Thomas,
Virgil Mullins, Unidentified and Unnamed, Defendants,
George J. Long, Richard A. Revell, Defendants-Appellees.
 No. 86-5406.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1986.
 ORDER
 
 1
 Appellant Clark is appealing from the district court order which dismissed appellees Long and Judge Revell in this action that had been removed from state court. The district court further ordered the remaining claims of appellant remanded to the state court. This appeal has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and briefs, the panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On August 19, 1985, appellant filed a complaint in the circuit court for Rockcastle County, Kentucky. The gist of appellant's allegations is that certain of his property was the subject of conversion and he was defamed, falsely imprisoned, and otherwise deprived of his constitutional rights by the defendants. The three appellees herein, Long, Mulloy and Judge Revell, were not named in the caption or body of the complaint, but were served with summonses. Long was apparently served because, at the time the acts complained of occurred, he was an assistant U.S. Attorney who prosecuted appellant on tax code violations. Consequently, Long filed a petition for removal, pursuant to 28 U.S.C. Secs. 1442 and 1446(d), on October 31, 1985. The removal petition was accompanied by a motion to dismiss for failure to state a claim and on the basis of immunity. Mulloy moved to dismiss on January 13, 1985, and that motion was granted on January 31, 1986.
 
 
 3
 On February 24, 1986, the district court held a hearing on the issue of whether Long and Judge Revell should be dismissed as defendants. As to appellee Long, the district court determined that Long was immune, and that insofar as this action was one filed pursuant to 42 U.S.C. Sec. 1983, the statute of limitations had run. As to appellee Judge Revell, the district court determined that he, too, was immune, the statue of limitations had run and the complaint simply failed to state a claim upon which relief could be granted. The district court further remanded the action to the Rockcastle Circuit Court.
 
 
 4
 The district court properly dismissed appellee Long. A review of the transcript of the hearing held on Long's motion to dismiss reveals that appellant sought relief from Long for acts Long committed in his capacity as U.S. Assistant District Attorney. Because the acts complained of are acts committed by Long in his official capacity, Imbler v. Pachtman, 424 U.S. 409 (1976) provides Long with immunity. Furthermore, the acts complained of occurred in 1973. The complaint was filed in 1985. According to Wilson v. Garcia, 105 S.Ct. 1938 (1985), the statute of limitations for an action filed pursuant to 42 U.S.C. Sec. 1983 is determined by the statute of limitations for personal injury in the state wherein the acts complained of occurred. In Kentucky, the statute of limitations for personal injury is one year. K.R.S. 413, 140(1)(a).
 
 
 5
 The district court properly dismissed Judge Revell as a defendant pursuant to Stump v. Sparkman, 435 U.S. 349 (1978) because the acts complained of relate to Judge Revell's judicial actions. Again, the statute of limitations would have run when the complaint was filed.
 
 
 6
 As a final matter, appellee Mulloy, who was dismissed as a party on January 31, 1986, has filed a brief on appeal. Appellee Mulloy was apparently served with the complaint because he represented either appellant or one of the other litigants in a state court action in 1973 wherein appellant was declared incompetent. It appears that he was correctly dismissed because he is not named in the caption or body of the complaint.
 
 
 7
 It appears that the questions upon which this cause depends are so unsubstantial as to not require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final order of the district court be and hereby is affirmed.